UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 8:12-cr-483-T-23TBM

SCOTT J. SCHUHRIEMEN
_____/

**SECTION 982(a)(2)(A) ORDER OF FORFEITURE**

The information (Doc. 1) charges a criminal conspiracy to violate 18 U.S.C. § 1014, to which charge, after entering a plea agreement (Doc. 3) with the United States, Schuhriemen pleaded guilty.  The United States moves (Doc. 13) for entry of a $300,000 "forfeiture money judgment."  However, a conspiracy to violate 18 U.S.C. § 1014 is listed at 18 U.S.C. § 982(a)(2)(A) as an offense that requires an "order," entered "in imposing sentence":

> that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

The United States' motion is **GRANTED** to the extent that, in accord with Section 982(a)(2)(A) and the plea agreement, Schuhriemen must forfeit to the United States property, not exceeding $300,000 in aggregate value, constituting proceeds or derived from proceeds that the conspiracy obtained, directly or indirectly, as the result of the offense of conviction.

The United States has identified no proceeds obtained by Schuhriemen and no specific property for forfeiture by Schuhriemen. Available facts suggest Schuhriemen received no proceeds. As provided in Rule 32.2(b)(2)(C), Federal Rules of Criminal Procedure, if specific proceeds are later identified, this order will be amended to direct the forfeiture of specific property (or a money judgment, if applicable).

Entry of a $300,000 money judgment against Schuhriemen at this moment is unnecessary, especially in consideration of the United States' ability to further investigate the disposition of proceeds and to conduct inquiry of all conspirators in an effort to identify assets subject to forfeiture. If proceeds (or derivatives or substitute assets) are discovered, the court can issue the orders necessary for the United States to obtain the assets. However, a money judgment creates an *in personam* obligation by Schuhriemen, and a money judgment subjects to levy his assets other than proceeds of the crime and assets traceable to proceeds. For example, a money judgment creates a lien on Schuhriemen's real estate, apparently not otherwise subject to forfeiture as proceeds of this crime. For the moment, this order of forfeiture of up to $300,000 will suffice.

Simply stated, jointly and severally with the other conspirators, Schuhriemen is liable to forfeit an amount equal to the proceeds of the conspiracy, even if he was a minor or even uncompensated participant. However, under Section 982(a)(2)(A), he is subject to satisfy that liability only by forfeiture of proceeds and assets traceable to proceeds (and substitute assets) and not by forfeiture of his other assets that are not

proceeds or assets traceable to proceeds.  In exact conformity with the governing statute, this forfeiture order satisfies the former without risking the latter.

ORDERED in Tampa, Florida, on April 16, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE